UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAITLIN M. BITTNER,

                        Plaintiff,

vs.

COHEN & SLAMOWITZ, LLP

                        Defendant.
_____

**ANSWER**

Civil Action No.: 12 CV 6185

Defendant, COHEN & SLAMOWITZ, LLP, by and through its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., hereby answer plaintiff's Complaint as follows:

1. Paragraph "1" of plaintiff's Complaint contains plaintiff's characterizations of her claim. No response is required. To the extent a response is required, defendant **ADMITS** that plaintiff has brought this claim pursuant to FDCPA, but otherwise **DENIES** the allegations contained in paragraph "1" of plaintiff's Complaint.

2. **ADMITS** the allegations contained in paragraph "2" of plaintiff's Complaint.

3. Defendant **ADMITS** that venue is proper. Otherwise, defendant **DENIES** the allegations paragraph "3" of plaintiff's Complaint.

4. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of plaintiff's Complaint.

5. **ADMITS** the allegations contained in paragraph "5" of plaintiff's Complaint.

6. **ADMITS** the allegations contained in paragraph "6" of plaintiff's Complaint.

7. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of plaintiff's Complaint.

8. **ADMITS** the allegations contained in paragraph "8" of plaintiff's Complaint.

9. **ADMITS** the allegations contained in paragraph "9" of plaintiff's Complaint.

10. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of plaintiff's Complaint.

11. **ADMITS** the allegations contained in paragraph "11" of plaintiff's Complaint.

12. **ADMITS** the allegations contained in paragraph "12" of plaintiff's Complaint.

13. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of plaintiff's Complaint.

14. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of plaintiff's Complaint.

15. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's Complaint.

16. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of plaintiff's Complaint.

17. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of plaintiff's Complaint.

18. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiff's Complaint.

19. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's Complaint.

20. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of plaintiff's Complaint.

21. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of plaintiff's Complaint.

22. **REPEATS and REALLEGES** the admissions and denials as set forth hereinabove and contained in paragraphs "1-21" of plaintiff's Complaint.

23. **DENIES** the allegations contained in paragraph "23" of plaintiff's Complaint.

24. **DENIES** the allegations contained in paragraph "24" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. The occurrence alleged in plaintiff's complaint was caused, contributed to and brought about, in whole or in part, by the culpable conduct, acts or omissions of plaintiff and/or others over whom this defendant exercised no supervision or control, including contributory negligence and/or assumption of risk, and the injuries and damages otherwise recoverable by plaintiff, if any, should be diminished in proportion to which their culpable conduct bears to the culpable conduct which caused the injuries and damages, if any, pursuant to the decisional and statutory law of the State of New York, in such cases made and provided.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. The complaint fails to state a cause of action under the FDCPA upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. Plaintiff failed to mitigate her damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. If the plaintiff sustained the injuries and damages alleged then said injuries and damages were proximally caused by persons and/or entities not connected with the defendant, and for whom this defendant bears no legal responsibility.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. That plaintiff claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. Defendant did not violate, in which or in part, any provision of the FDCPA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. To the extent that a violation of the 15 U.S.C. §1692 may later be determined to have occurred, such violation was not intentional and resulted from a bona fide error notwithstanding reasonable procedures adopted to avoid any such error.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

32. Any damages claimed are barred and/or circumscribed by 15 U.S.C. §1692(k).

**WHEREFORE**, defendant, Cohen & Slamowitz, LLP, demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Date: May 24, 2012

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
Daniel R. Ryan, Esq.
*Attorneys for Defendant*
250 South Clinton Street, Suite 600
Syracuse, NY 13202
Telephone: 315-474-2911

TO: Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
The Law Offices of Kenneth Hiller, PLLC
6000 North Bailey Avenue, Suite 1A
Amherst, NY 14226
Phone: (716) 564-3288